**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

JOHNATHAN JOHNSON,

        Plaintiff,

  - v -              Civ. No. 9:14-CV-1151
                    (LEK/RFT)

VIJAY-KUMAR-MANDALAY WALA, DONITA
MCINTOSH, KAREN BELLAMY, ANTHONY
ANNUCCI, MAUREEN BOLL, JOSEPH BELLNIER,
JEFF MCKOY, GAIL HAPONIK, WILLIAM
GONZALEZ, BRANDI COLLYER, SCOTT
WOODWARD, DANIEL MARTUSCELLO,

        Defendants.

**APPEARANCES:**         **OF COUNSEL:**

JOHNATHAN JOHNSON
*Pro se* Plaintiff
89-A-1042
Upstate Correctional Facility
P.O. Box 2001
Malone, NY 12953

HON. ERIC T. SCHNEIDERMAN     DAVID J. SLEIGHT, ESQ.
Attorney General of the State of New York  Assistant Attorney General
Attorney for the Defendants
350 Main Street, Suite 300A
Buffalo, NY 14202

**RANDOLPH F. TREECE**
**United States Magistrate Judge**

## REPORT-RECOMMENDATION and ORDER

  *Pro se* Plaintiff Johnathan Johnson, while incarcerated at Upstate Correctional

Facility, commenced this civil rights action, pursuant to 42 U.S.C. § 1983, against the Defendants [in their individual capacities] for allegedly violating his rights under the First, Eighth, and Fourteenth Amendments of the United States Constitution, as well as Article 1 of the New York State Constitution. *See generally* Dkt. No. 3, Compl. Specifically, Plaintiff alleges that his physician, Dr. Wala, acted with deliberate indifference to his medical needs, and claims that the other Defendants violated his rights when they failed to render timely responses to his grievances. *Id.* On September 18, 2014, Defendants removed this action from New York State Supreme Court, Franklin County, to this District. Dkt. No. 1. On September 26, 2014, Defendants filed a partial Motion to Dismiss Plaintiff's claim that he did not receive a timely response to his grievances on the ground that it fails to state a cause of action.[1] Dkt. No. 6. On October 3, 2014, Plaintiff filed a Response in opposition. Dkt. No. 9. On April 8, 2015, Defendants filed a Reply. Dkt. No. 27.

## I. DISCUSSION

### A. Standard of Review

On a motion to dismiss, the allegations of the complaint must be accepted as true. *See Cruz v. Beto*, 405 U.S. 319, 322 (1972). The trial court's function "is

---

[1] Plaintiff asserts this claim against all of the Defendants, except for Dr. Wala. Defendants do not move to dismiss Plaintiff's Eighth Amendment medical deliberate indifference claim against Dr. Wala. Dkt. No. 7, Defs.' Mem. of Law, at p. 2.

merely to assess the legal feasibility of the complaint, not to assay the weight of the evidence which might be offered in support thereof." *Geisler v. Petrocelli*, 616 F.2d 636, 639 (2d Cir. 1980). "The issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims." *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974), *overruled on other grounds by Davis v. Scherer*, 468 U.S. 183 (1984).

"Generally, in determining a 12(b)(6) motion, the court may only consider those matters alleged in the complaint, documents attached to the complaint, . . . matters to which the court may take judicial notice[,]" as well as documents incorporated by reference in the complaint. *Spence v. Senkowski*, 1997 WL 394667, at *2 (N.D.N.Y. July 3, 1997) (citing *Kramer v. Time Warner Inc.*, 937 F.2d 767, 773 (2d Cir. 1991)); *Cortec Indus., Inc. v. Sum Holding L.P.*, 949 F.2d 42, 47 (2d Cir. 1991) (citing FED. R. CIV. P. 10(c)). Moreover, "even if not attached or incorporated by reference, a document 'upon which [the complaint] *solely* relies and which is *integral to the complaint*' may be considered by the court in ruling on such a motion." *Roth v. Jennings*, 489 F.3d 499, 509 (2d Cir. 2007) (quoting *Cortec Indus., Inc. v. Sum Holding L.P.*, 949 F.2d at 47).

The court is bound to give the plaintiff the benefit of every reasonable inference to be drawn from the "well-pleaded" allegations of the complaint. *See Retail Clerks*

*Intern. Ass'n, Local 1625, AFL-CIO v. Schermerhorn*, 373 U.S. 746, 754 n. 6 (1963); *see also Arar v. Ashcroft*, 532 F.3d 157, 168 (2d Cir. 2008). Nevertheless, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Therefore, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id*. (citation omitted).

A motion to dismiss pursuant to Rule 12(b)(6) may not be granted so long as the plaintiff's complaint includes "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *Ashcroft v. Iqbal*, 556 U.S. at 697 (citing *Twombly*). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. at 678. This plausibility standard "is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id*. In this respect, to survive dismissal, a plaintiff "must provide the grounds upon which his claim rests through factual allegations sufficient 'to raise a right to relief above the speculative level.'" *ATSI Commc'ns, Inc. v. Shaar Fund, Ltd.*, 493 F.3d 87, 98 (2d Cir. 2007) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. at 555). Thus, in spite of the deference the court is bound to give to the plaintiff's allegations, it is not proper for

the court to assume that "the [plaintiff] can prove facts [which he or she] has not alleged, or that the defendants have violated the . . . laws in ways that have not been alleged." *Assoc. Gen. Contractors of California, Inc. v. California State Council of Carpenters,* 459 U.S. 519, 526 (1983). The process of determining whether a plaintiff has "nudged [his] claims . . . across the line from conceivable to plausible," entails a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Ashcroft v. Iqbal*, 556 U.S. at 679-80.

Furthermore, when a plaintiff is proceeding *pro se*, his submissions should be judged on a more lenient standard than that accorded to formal pleadings drafted by lawyers. *Cancel v. Goord,* 2001 WL 303713, at *3 (S.D.N.Y. Mar. 29, 2001) (citing *McNeil v. United States,* 508 U.S. 106, 113 (1993)). "The court must make some reasonable allowances so that a *pro se* plaintiff does not forfeit his rights by virtue of a lack of legal training." *Id*.

### B. Facts

In accordance with the standard stated above, the following facts pled in the Complaint are taken as true. On December 18, 2013, while incarcerated at Upstate, Plaintiff filed Grievance No. 53115-13 in which he complained about his physician's decision to discontinue his multi-vitamins. Compl. at ¶ 7. Upon receiving the Superintendent's response to Grievance No. 53115-13, he appealed that decision to

the Central Office Review Committee ("CORC"). *Id.* at ¶ 9. Plaintiff alleges that "to date CORC has failed to render a decision on the appeal within 30-days pursuant to Directive 4040-Inmate Grievance Program." *Id.* at ¶ 10

On February 27, 2014, Plaintiff similarly appealed the Superintendent's response to his second grievance — Grievance No. 53406-14 — which he filed on or about January 31, 2014, and claims that CORC again failed to render a timely decision. *Id.* at ¶¶ 8 & 11.

### C. Personal Involvement

The Second Circuit has held that "personal involvement of defendants in alleged constitutional deprivations is a prerequisite to an award of damages under § 1983." *Wright v. Smith*, 21 F.3d 496, 501 (2d Cir. 1994) (citations omitted). Moreover, "the doctrine of *respondeat superior* cannot be applied to section 1983 actions to satisfy the prerequisite of personal involvement." *Kinch v. Artuz*, 1997 WL 576038, at *2 (S.D.N.Y. Sept. 15, 1997) (citing *Colon v. Coughlin*, 58 F.3d 865, 874 (2d Cir. 1995) & *Wright v. Smith*, 21 F.3d at 501) (further citations omitted). Thus, "a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the constitution." *Ashcroft v. Iqbal*, 556 U.S. at 676.

The Second Circuit has stated that a supervisory defendant may have been

personally involved in a constitutional deprivation within the meaning of § 1983 if he: (1) directly participated in the alleged infraction; (2) after learning of the violation, failed to remedy the wrong; (3) created a policy or custom under which unconstitutional practices occurred or allowed such policy or custom to continue; (4) was grossly negligent in managing subordinates who caused the unlawful condition or event; or (5) the defendant exhibited deliberate indifference to the rights of inmates by failing to act on information indicating that unconstitutional acts were occurring. *Colon v. Coughlin*, 58 F.3d at 873 (citations omitted); *Williams v. Smith*, 781 F.2d 319, 323-24 (2d Cir. 1986) (citations omitted). Pointedly, "mere 'linkage in the prison chain of command' is insufficient to implicate a state commissioner of corrections or a prison superintendent in a § 1983 claim." *Richardson v. Goord*, 347 F.3d 431, 435 (2d Cir. 2003) (quoting *Ayers v. Coughlin*, 780 F.2d 205, 210 (2d Cir. 1985)); *see also Wright v. Smith*, 21 F.3d at 501 (defendant may not be held liable simply because he holds a high position of authority).

Here, Plaintiff claims that he was denied access to the Inmate Grievance Program when CORC failed to provide him with a timely decision on two occasions. Compl. at ¶ 3. However, Plaintiff's Complaint is devoid of any facts that suggest that any of the named Defendants were personally involved with CORC's failure to render a timely decision. Instead, when referring to Defendants McIntosh, Bellamy,

Annucci, Boll, Bellnier, McKoy, Haponik, Gonzalez, Collyer, Woodward, and Martuscello, Plaintiff merely states "[t]hat these above-named defendants are supervisors . . . [a]nd failed to supervise the inmate grievance program[.]" *Id.* at ¶ 14. More significantly, Plaintiff's allegation that his grievances were inadequately processed fails to state a constitutional claim because "inmate grievance programs created by state law are not required by the Constitution and [as] a consequence[] allegations that prison officials violated those procedures does not give rise to a cognizable § 1983 claim." *Shell v. Brzezniak*, 365 F. Supp. 2d 362, 370 (W.D.N.Y. 2005) (citing *Cancel v. Goord*, 2001 WL 303713, at *3); *Torres v. Mazzuca*, 246 F. Supp. 2d 334, 340 (S.D.N.Y. 2003) ("Prison grievance procedures do not confer any substantive right upon an inmate requiring the procedural protections envisioned by the Fourteenth Amendment."). For these reasons, the Court recommends **granting** Defendants' Motion to Dismiss with respect to Plaintiff's § 1983 claim.

### D. State Constitutional Claims[2]

Plaintiff also asserts that Defendants' failure to provide timely responses to his grievances is a violation of Article 1 of the New York State Constitution. Compl. at ¶ 15; Pl.'s Resp. in Opp'n, at ¶¶ 2 & 7. Defendants contend that this claim is barred by N.Y. CORRECT. LAW § 24, which states:

---

[2] The Court exercises its supplemental jurisdiction pursuant to 28 U.S.C. § 1367(a).

> 1. No civil action shall be brought in any court of the state, except by the attorney general on behalf of the state, against any officer or employee of the department, in his personal capacity, for damages arising out of any act done or the failure to perform any act within the scope of the employment and in the discharge of the duties by such officer or employee.
>
> 2. Any claim for damages arising out of any act done or the failure to perform any act within the scope of the employment and in the discharge of the duties of any officer or employee of the department shall be brought and maintained in the court of claims as a claim against the state.

The Second Circuit has held that "by its plain terms, § 24 governs the substantive rights of [state correctional employees] by conferring upon them an immunity from liability for activities that fall within the scope of the statute," and "are entitled to invoke the benefits of § 24 irrespective of the forum in which [the plaintiff] chooses to pursue his claims." *Brown v. Dep't of Corr. Servs.*, 2011 WL 2182775, at *9 (W.D.N.Y. June 2, 2011) (quoting *Baker v. Coughlin*, 77 F.3d 12, 14, (2d Cir. 1996)).

Here, Plaintiff has alleged acts that clearly would fall within the scope of employment of a state prison official. Thus, the Plaintiff is barred from bringing state law claims against the Defendants in their individual capacities in federal court. *Baker v. Coughlin*, 77 F.3d at 15-16 (citations omitted). As a result, the Court recommends **dismissing** Plaintiff's state law claim.

## II. CONCLUSION

For the reasons stated herein, it is hereby

**RECOMMENDED**, that Defendants' partial Motion to Dismiss (Dkt. No. 6) be **GRANTED** and all Defendants, with the exception of Defendant Wala, be dismissed from this action; and it is further

**ORDERED**, that the Clerk of the Court serve a copy of this Report-Recommendation and Order upon the parties to this action.

Pursuant to 28 U.S.C. § 636(b)(1), the parties have fourteen (14) days within which to file written objections to the foregoing report. Such objections shall be filed with the Clerk of the Court. **FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN (14) DAYS WILL PRECLUDE APPELLATE REVIEW.** *Roldan v. Racette*, 984 F.2d 85, 89 (2d Cir. 1993) (citing *Small v. Sec'y of Health and Human Servs.*, 892 F.2d 15 (2d Cir. 1989)); *see also* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72 & 6(a).

Date: May 30, 2015
Albany, New York

Randolph F. Treece
U.S. Magistrate Judge