UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

JOHNATHAN JOHNSON,

                        Plaintiff,

       -against-                                       9:14-CV-1151 (LEK/DJS)

VIJAY-KUMAR-MANDALAY WALA,

                        Defendant.

## DECISION and ORDER

**I.    INTRODUCTION**

*Pro se* Plaintiff Johnathan Johnson ("Plaintiff") commenced this civil rights action alleging violations of his constitutional rights arising out of his confinement by the New York State Department of Corrections and Community Supervision ("DOCCS"). See Dkt. No. 1-1 ("Complaint") at 3. Presently before the Court is Plaintiff's Motion for a preliminary injunction. Dkt. No. 37 ("Motion"). Defendant opposes the Motion. Dkt. No. 38 ("Opposition").

**II.    BACKGROUND**

On May 1, 2014, Plaintiff filed a Summons and Complaint in the Franklin County Clerk's Office. Dkt. No. 1 ("Notice of Removal"); Compl. Plaintiff claimed that on December 17, 2013, Defendant Dr. Vijay-Kumar-Mandalay Wala ("Wala") discontinued Plaintiff's doctor-ordered multivitamins. See Compl. at 2-3. Plaintiff alleged that Defendants were deliberately indifferent to his medical needs in violation of the Eighth Amendment. See id. On October 8, 2014, Plaintiff filed a Motion for a preliminary injunction seeking an order compelling Defendants to provide him

with medical treatment to address his skin and allergy problems.[1] See Dkt. Nos. 12; 24. Plaintiff sought an order directing Defendants to "give plaintiff needed vaseline for his dry skin problem and give plaintiff the non-allergic soaps." Dkt. No. 12-2 at 2. On January 29, 2015, the Court issued an Order denying Plaintiff's Motion, finding that Plaintiff's Motion sought relief that was unrelated to the claims asserted in the Complaint. Dkt. No. 24 ("January Order").

On December 23, 2015, Plaintiff filed the present Motion seeking an order compelling the Defendants to provide medical treatment for Plaintiff's sinus and skin problems. See Mot. at 2.

## III. DISCUSSION

Preliminary injunctive relief "is an extraordinary and drastic remedy, one that should not be granted unless the movant, by a clear showing, carries the burden of persuasion." Moore v. Consol. Edison Co. of New York, 409 F.3d 506, 510 (2d Cir. 2005) (quoting Mazurek v. Armstrong, 520 U.S. 968, 972 (1997)). The standard a court must utilize in considering whether to grant a request for injunctive relief is well-settled in the Second Circuit. Citigroup Global Mkts., Inc. v. VCG Special Opportunities Master Fund Ltd., 598 F.3d 30, 35, 38 (2d Cir. 2010). To prevail on a motion for preliminary injunctive relief, a plaintiff must demonstrate irreparable harm and either a substantial likelihood of success on the merits of the claim, or sufficiently serious questions going to the merits and a balance of hardships tipping decidedly in his favor. Id. at 35; see also Cacchillo v. Insmed, 638 F.3d 401, 405-06 (2d Cir. 2011). However, when the moving party seeks a "mandatory injunction that alters the status quo by commanding a positive act," the burden is even higher. Cacchillo, 638 F.3d at 406; see also Jolly v.

---

[1] On July 29, 2015, the Court issued an order granting Defendants' partial Motion to dismiss and dismissed Plaintiff's claims against all Defendants except Wala. See Dkt. No. 29.

2

Coughlin, 76 F.3d 468, 473 (2d Cir. 1996). Thus, a mandatory preliminary injunction "should issue 'only upon a clear showing that the moving party is entitled to the relief requested, or where extreme or very serious damage will result from a denial of preliminary relief.'" Citigroup Global Mkts., 598 F.3d at 35 n.4 (quoting Tom Doherty Assocs. v. Saban Entm't, 60 F.3d 27, 34 (2d Cir. 1995)). The district court has wide discretion in determining whether to grant a preliminary injunction. Moore, 409 F.3d at 511. The alleged violation of a constitutional right generally satisfies a plaintiff's burden to demonstrate irreparable harm. Jolly, 76 F.3d at 482. "However, the moving party must establish that without the preliminary injunction, he will suffer an injury that is neither remote nor speculative, but actual and imminent and that cannot be remedied by an award of monetary damages." Amaker v. Fischer, No. 10-CV-0977A, 2012 WL 8020777, at *2 (W.D.N.Y. Sept. 28, 2012).

"To prevail on a motion for preliminary injunctive relief, the moving party must establish a relationship between the injury claimed in the motion and the conduct giving rise to the complaint." Levesque v. Clinton County, No. 10-CV-787, 2012 WL 6948779, at *11 (N.D.N.Y. Dec. 28, 2012); see also Allen v. Brown, No. 96-CV-1599, 1998 WL 214418, at *4 (N.D.N.Y. Apr. 28, 1998) (denying request for injunctive relief where allegations in application for such relief were unrelated to claims asserted in the complaint).

Plaintiff claims that on December 5, 2015 and December 6, 2015, Nurse Atkinson ("Atkinson") refused to provide him with vaseline, non-allergenic soap, and sinus medication.[2] Mot. at 5. Atkinson and Atkinson's daughter, who is also a nurse at Upstate Correctional Facility,

---

[2] Atkinson is not a named defendant herein.

3

told Plaintiff that the medications were discontinued upon Wala's order.[3] Id. Plaintiff asserts that since December 2015, Wala has refused to provide medical treatment for his sinus and skin issues, causing Plaintiff to suffer from headaches, an uncontrollable runny nose, and skin problems. Id. at 3-4. Plaintiff contends that he cannot shower because he has not been provided with his "non-allergenic soap." Id. at 4-5.

Here, similar to Plaintiff's prior Motion for a preliminary injunction, Plaintiff seeks injunctive relief that is unrelated to his underlying claims. The Complaint asserts claims relating to "doctor-ordered" multivitamins that Defendant refused to provide to Plaintiff on December 17, 2013. Compl. Conversely, in the present Motion, Plaintiff seeks an order directing Defendant to provide him with medical treatment for, "[a] sinus[ ] problem and skin problem which were diagnos[ed] by medical since 2007 thru 2015 which the defendant discontinued on December 4, 2015." Mot. at 2.

In the January Order denying Plaintiff's prior request for injunctive relief, the Court reasoned:

> Even when liberally construed, Plaintiff's PI Motion does not relate to any of the claims asserted in the Complaint. The allegations against Wala in the PI Motion involve a different time frame and a different medical issue.

Jan. Order at 15. The Court held:

> The allegations in the Complaint are completely unrelated to the allegations that form the basis for the PI Motion. Thus, Plaintiff cannot establish a likelihood of success on the merits of his underlying claim. See Watson v. Moscicki, No. 08-CV-960, 2009 WL 2252503, at *2 (W.D.N.Y. July 28, 2009) (denying preliminary injunction motion where complaint involved claims relating to plaintiff's incarceration at Attica

---

[3] Atkinson's daughter is not a named defendant herein.

4

> and Lakeview Correctional Facilities but preliminary injunction motion related to plaintiff's medical treatment at Green Haven). Plaintiff's request for relief is therefore denied. See Mitchell v. N.Y. State Dep't of Corr. Servs., No. 06-CV-6278, 2011 WL 5326054, at *3 (W.D.N.Y. Nov. 3, 2011) (finding that the facts underlying the request for injunctive relief were unrelated to the underlying facts of the claims in the action, except for the fact that they arose in the prison context).

Id.

The present Motion seeks relief unconnected, in time and substance, to Plaintiff's underlying December 2013 deliberate indifference claim related to multi-vitamins. To the extent that Plaintiff's Motion may be construed as seeking relief from Atkinson or Atkinson's daughter, those individuals are not named defendants in this action and thus, the Court has no jurisdiction to issue an injunctive order. See Doctor's Assocs. v. Reinert & Duree, 191 F.3d 297, 302 (2d Cir. 1999) (holding that a Court may not award relief against entities that are not named in the complaint).

Upon review, the Court finds that Plaintiff has not made the showing required for the issuance of mandatory injunctive relief. Plaintiff has also failed to demonstrate a likelihood of succeeding on the merits of his claims, or to provide evidence of sufficiently serious questions going to the merits of the claim and a balance of hardships tipping decidedly toward him. See Covino v Patrissi, 967 F.2d at 73, 77 (2d Cir. 1992).

For the reasons set forth herein and in the January Order, Plaintiff's Motion for preliminary injunctive relief is denied in its entirety.

## IV. CONCLUSION

Accordingly, it is hereby:

**ORDERED**, that Plaintiff's Motion (Dkt. No. 37) for preliminary injunctive relief is **DENIED**; and it is further

**ORDERED**, that the Clerk serve a copy of this Decision and Order on the parties in accordance with the Local Rules.

**IT IS SO ORDERED.**

DATED:      February 03, 2016
               Albany, New York

_____
Lawrence E. Kahn
U.S. District Judge