**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

JOHNATHAN JOHNSON,

                              Plaintiff,

            - v -                                Civ. No. 9:14-CV-1151
                                                                     (LEK/DJS)

VIJAY-KUMAR-MANDALAY WALA,[1]

                              Defendant.

**APPEARANCES:**                                   **OF COUNSEL:**

JOHNATHAN JOHNSON
Plaintiff, *Pro Se*
89-A-1042
Upstate Correctional Facility
P.O. Box 2001
Malone, New York 12953

HON. ERIC T. SCHNEIDERMAN             DAVID J. SLEIGHT, ESQ.
Attorney General of the State of New York    Assistant Attorney General
Attorney for Defendant
The Capitol
Albany, New York 12224

**DANIEL J. STEWART**
**United States Magistrate Judge**

**REPORT-RECOMMENDATION and ORDER**

*Pro se* Plaintiff Johnathan Johnson brings this civil rights action, pursuant to 42 U.S.C. § 1983, alleging that the Defendant was deliberately indifferent to Plaintiff's serious medical needs and placed his health in jeopardy when he discontinued Plaintiff's prescription for a multi-vitamin,

---

[1] This matter originated in State court, but was removed here by the Defendants on September 18, 2014. Dkt. No. 1. On July 27, 2015, the Honorable Lawrence E. Kahn, Senior United States District Judge, adopted this Court's recommendations and granted Defendants' Partial Motion to Dismiss, which resulted in the dismissal of all Defendants sans Defendant "Wala." Dkt. No. 29. While Plaintiff identifies this Defendant as "Vijay-Kumar-Mandalay Wala," according to Defendant's submissions, the correct spelling of this Defendant's name is Vijaykumar Mandalaywala, and the Court will refer to him as such. Dkt. No. 44-2.

in violation of the Eighth Amendment. Dkt. No. 3, Compl. Presently pending before the Court is Defendant's Motion for Summary Judgment. Dkt. No. 44. Plaintiff opposes the Motion. Dkt. No. 46. For the reasons that follow, I recommend that Defendant's Motion be **granted** and this case be **dismissed**.

## I.  DISCUSSION

### A.  Summary Judgment Standard

Pursuant to FED. R. CIV. P. 56(c), summary judgment is appropriate only where "there is no genuine issue as to any material fact and . . . the moving party is entitled to judgment as a matter of law." The moving party bears the burden to demonstrate through "pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any," that there is no genuine issue of material fact. *F.D.I.C. v. Giammettei*, 34 F.3d 51, 54 (2d Cir. 1994) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986)). To defeat a motion for summary judgment, the non-movant must "set forth specific facts showing that there is a genuine issue for trial," and cannot rest on "mere allegations or denials" of the facts submitted by the movant. FED. R. CIV. P. 56(e); *see also Scott v. Coughlin*, 344 F.3d 282, 287 (2d Cir. 2003) ("Conclusory allegations or denials are ordinarily not sufficient to defeat a motion for summary judgment when the moving party has set out a documentary case."); *Rexnord Holdings, Inc. v. Bidermann*, 21 F.3d 522, 525-26 (2d Cir. 1994). To that end, sworn statements are "more than mere conclusory allegations subject to disregard . . . they are specific and detailed allegations of fact, made under penalty of perjury, and should be treated as evidence in deciding a summary judgment motion" and the credibility of such statements is better left to a trier of fact. *Scott v. Coughlin*, 344 F.3d at 289 (citing *Colon v. Coughlin*, 58 F.3d 865, 872 (2d Cir. 1995) and *Flaherty v. Coughlin*, 713 F.2d 10, 13 (2d Cir.

1983)).

When considering a motion for summary judgment, the court must resolve all ambiguities and draw all reasonable inferences in favor of the non-movant. *Nora Beverages, Inc. v. Perrier Group of Am., Inc.*, 164 F.3d 736, 742 (2d Cir. 1998). "[T]he trial court's task at the summary judgment motion stage of the litigation is carefully limited to discerning whether there are any genuine issues of material fact to be tried, not to deciding them. Its duty, in short, is confined at this point to issue-finding; it does not extend to issue-resolution." *Gallo v. Prudential Residential Servs., Ltd. P'ship*, 22 F.3d 1219, 1224 (2d Cir. 1994). Furthermore, where a party is proceeding *pro se*, the court must "read [his or her] supporting papers liberally, and . . . interpret them to raise the strongest arguments that they suggest." *Burgos v. Hopkins*, 14 F.3d 787, 790 (2d Cir. 1994), *accord*, *Soto v. Walker*, 44 F.3d 169, 173 (2d Cir. 1995).

### B. Material Facts

Most, in not all, of the material facts at issue in this litigation are not disputed. During all times relevant to the allegations contained in the Complaint, Plaintiff was an inmate in the custody of the New York State Department of Corrections and Community Supervision ("DOCCS") and was housed at the Upstate Correctional Facility. Compl. at ¶ 2. Defendant Vijaykumar Mandalaywala, M.D., is employed by DOCCS as a physician and Facility Health Services Director at Upstate, and in that capacity he directs the medical staff at Upstate and treats patients. Dkt. No. 44-2, Vijaykumar Mandalaywala, M.D., Decl., dated May 16, 2016, at ¶ 1.

Plaintiff suffers from several food allergies, including wheat, cheese, eggs, and milk. Compl. at ¶ 6. According to documents attached to Defendant's Motion for Summary Judgment, and not specifically opposed by Plaintiff, Plaintiff's medical conditions were being monitored on a regular

basis by medical staff. *See generally* Mandalaywala Decl.; *see also* Dkt. No. 44-4, Mandalaywala Decl., Ex. B, Pl.'s Ambulatory Health Record [hereinafter "AHR"[2]]. Plaintiff engaged in several hunger strikes during 2013, and his overall health, including weight loss, was monitored during and after those bouts. On several instances throughout 2013, Plaintiff refused blood work, refused assessments, and refused to be weighed.[3] Dkt. No. 44-1, Def.'s Statement Pursuant to Rule 7.1(a)(3) [hereinafter "Def.'s 7.1 Statement"], at ¶¶ 6-9 & 11; Dkt. No. 46-2, Pl.'s Statement of Disputed Facts [hereinafter "Pl.'s 7.1 Statement"], at ¶¶ 6-9 & 11.

On June 3, 2013, Plaintiff was weighed during an Asthma Interim Visit and it was noted that lab work was needed; however, on June 20, 2013, Plaintiff refused to have blood work done. Def.'s 7.1 Statement at ¶¶ 10 & 11; Pl.'s 7.1 Statement at ¶ 10. On June 24, 2013, Plaintiff requested vitamins due to his food allergies; however, Defendant Mandalaywala determined that in light of the fact that Plaintiff's diet was adequate and because he refused blood work, vitamins were not indicated. Def.'s 7.1 Statement at ¶ 12; Pl.'s AHR at p. 107. On August 29, 2013, during an Asthma Interim Visit, Plaintiff was weighed but again refused to have lab work done; he requested and was given a prescription for multivitamins by a nurse. Def.'s 7.1 Statement at ¶ 15; Pl.'s AHR at pp. 94 & 196. The prescription for multivitamins was renewed on October 2, 2013, and October 10, 2013. Def.'s 7.1 Statement at ¶¶ 16-17.

On December 9, 2013, Defendant Mandalaywala saw Plaintiff during a medical callout. Def.'s 7.1 Statement at ¶ 18. Because Plaintiff did not meet the criteria for a multivitamin per

---

[2] Citations to the Plaintiff's Ambulatory Health Record are to the bates stamp located at the center bottom of the page.

[3] By way of example, the parties agree that on April 19, 2013, Plaintiff refused an assessment and to be weighed following the start of a hunger strike; Plaintiff also refused to be weighed on April 20, 21, 22, 23, and 26, 2013. Defs.' 7.1 Statement at ¶¶ 8 & 9; Pl.'s 7.1 Statement at ¶¶ 8 & 9.

DOCCS Division of Health Services Policy 1.02, the prescription for a multivitamin was discontinued. *Id.*; *see also* Pl.'s AHR at p. 74.

### C. Eighth Amendment

According to Plaintiff's Complaint, Defendant Mandalaywala's decision on December 9, 2013, to discontinue the prescribed multivitamin violated Plaintiff's Eighth Amendment rights. *See generally* Compl. In liberally construing such claim, it appears that Plaintiff charges Defendant with being deliberately indifferent to Plaintiff's medical needs and putting Plaintiff's nutritional health at risk insofar as his food allergies restrict the kinds of foods he can eat and he is therefore in need of a multivitamin in order to supplement and maintain his nutritional health.

To state an Eighth Amendment claim for denial of adequate medical care, a prisoner must demonstrate that prison officials acted with "deliberate indifference to serious medical needs." *Estelle v. Gamble*, 429 U.S. 97, 104 (1976). "[T]he plaintiff must allege conduct that is 'repugnant to the conscience of mankind' or 'incompatible with the evolving standards of decency that mark the progress of a maturing society.'" *Ross v. Kelly*, 784 F. Supp. 35, 44 (W.D.N.Y.), *aff'd*, 970 F.2d 896 (2d Cir. 1992) (quoting *Estelle v. Gamble*, 429 U.S. at 102, 105-06).

A claim for denial of medical care requires a prisoner to demonstrate that (1) he has a serious medical condition and (2) the defendant acted with deliberate indifference. *Farmer v. Brennan*, 511 U.S. 825, 834-35 (1994); *Hathaway v. Coughlin ("Hathaway I")*, 37 F.3d 63, 66 (2d Cir. 1994). The first prong is an objective standard and considers whether the medical condition is sufficiently serious. The Second Circuit has stated that a medical need is serious if it presents "a condition of urgency that may result in degeneration or extreme pain." *Chance v. Armstrong*, 143 F.3d 698, 702 (2d Cir. 1998) (internal quotation marks and citation omitted). Among the relevant factors to

consider are "[t]he existence of an injury that a reasonable doctor or patient would find important and worthy of comment or treatment; the presence of a medical condition that significantly affects an individuals daily activities; or the existence of chronic and substantial pain." *Chance v. Armstrong*, 143 F.3d at 702 (quoting *McGuckin v. Smith*, 974 F.2d 1050, 1059-60 (9th Cir. 1992)). The second prong is a subjective standard requiring a plaintiff to demonstrate that the defendant acted with the requisite culpable mental state similar to that of criminal recklessness. *Wilson v. Seiter*, 501 U.S. 294, 301-03 (1991); *Hathaway I*, 37 F.3d at 66. A plaintiff must demonstrate that the defendant acted with reckless disregard to a known substantial risk of harm. *Farmer v. Brennan*, 511 U.S. at 836. This requires "something more than mere negligence . . . [but] something less than acts or omissions for the very purpose of causing harm or with knowledge that harm will result." *Id*. at 835; *see also Weyant v. Okst*, 101 F.3d 845, 856 (2d Cir. 1996) (citing *Farmer*). Further, a showing of medical malpractice is insufficient to support an Eighth Amendment claim unless "the malpractice involves culpable recklessness, i.e., an act or a failure to act by the prison doctor that evinces 'a conscious disregard of a substantial risk of serious harm.'" *Chance v. Armstrong*, 143 F.3d at 702 (quoting *Hathaway v. Coughlin ("Hathaway II")*, 99 F.3d 550, 553 (2d Cir. 1996)); *see also Hernandez v. Keane*, 341 F.3d 137, 144 (2d Cir. 2003) (citations omitted).

Pursuant to DOCCS Health Services Policy 1.02, vitamins are prescribed when "clinically indicated." Dkt. No. 44-3, Mandalaywala Decl., Ex. A. More specifically, in order to get a prescription for vitamins, there must be "a specific qualifying diagnosis or condition," or there must be a "specific" vitamin deficiency. *Id*. With regard to multivitamins, Policy 1.02 states that such "should be provided to patients with compromised nutritional status or unintentional weight loss related to Cancer, HIV+, active Hepatitis C with a demonstrable viral load, Hyperthyroidism

(uncontrolled), Cirrhosis and pregnancy." *Id*. According to Defendant, because the Plaintiff did not meet the criteria for multivitamins, and in light of the fact that his weight was within normal range, he discontinued the Plaintiff's prescription. Mandalaywala Decl. at ¶¶ 4 & 16. He further noted that the nurse who prescribed the multivitamins in October was not familiar with the policy. *Id*. at ¶ 13. Notably, on several occasions, Johnson refused all lab work that would indicate any abnormalities and would allow for an assessment as to whether multivitamins were needed, and he maintained a healthy weight even during small weight losses associated with his hunger strikes.

Plaintiff does not claim that he suffered from any serious medical infirmities due to the lack of mutlivitamins, and in fact he does not list any adverse symptoms that he allegedly suffered because of the discontinuance of this prescription. Furthermore, neither Plaintiff's food allergies nor his unsubstantiated claim for denial of nutrition sufficiently rise to the level of an objectively serious medical condition/deprivation. *See H'Shaka v. Drown*, 2007 WL 1017275, at *7 (N.D.N.Y. Mar. 30, 2007) (citing cases). Nor, for that matter, can it be said that in discontinuing Plaintiff's prescription, the Defendant acted with a sufficiently culpable state of mind. And it is Plaintiff's own refusal to allow for proper testing to be conducted in order to measure his needs which have created the situation wherein he does not meet the criteria for such prescription. Accordingly, I find that Defendant is entitled to summary judgment on the claims against him and this action should be dismissed.

## II. CONCLUSION

**WHEREFORE**, for the reasons stated herein, it is hereby

**RECOMMENDED**, that Defendant's Motion for Summary Judgment (Dkt. No. 44) be **GRANTED** and this entire action be **DISMISSED**; and it is further

**ORDERED**, that the Clerk of the Court serve a copy of this Report-Recommendation and Order upon the parties to this action.

Pursuant to 28 U.S.C. § 636(b)(1), the parties have fourteen (14)[4] days within which to file written objections to the foregoing report. Such objections shall be filed with the Clerk of the Court. **<u>FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN (14) DAYS WILL PRECLUDE APPELLATE REVIEW.</u>** *Roldan v. Racette*, 984 F.2d 85, 89 (2d Cir. 1993) (citing *Small v. Sec'y of Health and Human Servs.*, 892 F.2d 15 (2d Cir. 1989)); *see also* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72 & 6(a).

Date: March 3, 2017
       Albany, New York

_____
Daniel J. Stewart
U.S. Magistrate Judge

---

[4] If you are proceeding *pro se* and are served with this Order by mail, three additional days will be added to the fourteen-day period, meaning that you have seventeen days from the date the order was mailed to you to serve and file objections. FED. R. CIV. P. 6(d). If the last day of that prescribed period falls on a Saturday, Sunday, or legal holiday, then the deadline is extended until the end of the next day that is not a Saturday, Sunday, or legal holiday. FED. R. CIV. P. 6(a)(1)(C).