UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

JOHNATHAN JOHNSON,

                              Plaintiff,

     -against-                                       9:14-CV-1151 (LEK/DJS)

VIJAY-KUMAR-MANDALAY WALA,

                              Defendant.

**DECISION AND ORDER**

**I.    INTRODUCTION**

This matter comes before the Court following a Report-Recommendation filed on March 3, 2017, by the Honorable Daniel J. Stewart, U.S. Magistrate Judge, pursuant to 28 U.S.C. § 636(b) and Local Rule 72.3. Dkt. No. 47 ("Report-Recommendation"). Pro se plaintiff Johnathan Johnson timely filed Objections. Dkt. No. 48 ("Objections").

**II.    LEGAL STANDARD**

Within fourteen days after a party has been served with a copy of a magistrate judge's report-recommendation, the party "may serve and file specific, written objections to the proposed findings and recommendations." Fed. R. Civ. P. 72(b); L.R. 72.1(c). If no objections are made, or if an objection is general, conclusory, perfunctory, or a mere reiteration of an argument made to the magistrate judge, a district court need review that aspect of a report-recommendation only for clear error. Barnes v. Prack, No. 11-CV-0857, 2013 WL 1121353, at *1 (N.D.N.Y. Mar. 18, 2013); Farid v. Bouey, 554 F. Supp. 2d 301, 306–07, 306 n.2 (N.D.N.Y. 2008); see also Machicote v. Ercole, No. 06-CV-13320, 2011 WL 3809920, at *2 (S.D.N.Y. Aug. 25, 2011) ("[E]ven a *pro se* party's objections to a Report and Recommendation must be specific and

clearly aimed at particular findings in the magistrate's proposal, such that no party be allowed a second bite at the apple by simply relitigating a prior argument."). "A [district] judge . . . may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b). Otherwise, a court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." Id.

## III. DISCUSSION

Johnson makes several objections to the Report-Recommendation, but none of them addresses a fatal weakness in his case: he has not pointed to any evidence suggesting that "he suffered from any serious medical infirmities due to the lack of mu[lt]ivitamins, and in fact he [has] not list[ed] any adverse symptoms that he allegedly suffered because of the discontinuance of [his multivitamins]." Rep.-Rec. at 7. As Judge Stewart correctly pointed out, id. at 5, 7, Johnson cannot succeed on his Eighth Amendment claim unless he shows, among other things, that the denial of multivitamins led to a serious medical condition, that is, "a condition of urgency . . . that may produce death, degeneration, or extreme pain," Bradley v. Rell, 703 F. Supp. 2d 109, 121 (N.D.N.Y. 2010) (quoting Osacio v. Greene, No. 08-CV-18, 2009 WL 3698382, at *4 (N.D.N.Y. Nov. 2, 2009)). Since Johnson has not pointed to any evidence in the record showing that his being deprived of multivitamins led to any adverse health consequences, Judge Stewart was correct to find that his Eighth Amendment claim must fail. Cf. Collado v. Sposato, No. 12-CV-2151, 2012 WL 3113837, at *4 (E.D.N.Y. July 24, 2012) ("Even assuming, *arguendo*, that an onion-free diet is medically indicated for plaintiff due to an allergy, plaintiff cannot state a claim of deliberate indifference because, *inter alia*[,] . . . the alleged failure to

provide him with an onion-free diet has not resulted in a sufficiently serious condition since the only harm alleged by plaintiff is stomach pains . . . ."). Since none of Johnson's objections discuss this dispositive point, the Court adopts the Report-Recommendation in full.

IV. **CONCLUSION**

Accordingly, it is hereby:

**ORDERED**, that the Report-Recommendation (Dkt. No. 47) is **APPROVED and ADOPTED in its entirety**; and it is further

**ORDERED**, that Defendant's Motion for Summary Judgment (Dkt. No. 44) is **GRANTED** and this entire action is **DISMISSED**; and it is further

**ORDERED**, that the Clerk of the Court serve a copy of this Decision and Order on all parties in accordance with the Local Rules.

**IT IS SO ORDERED.**

DATED:   March 24, 2017
         Albany, New York

_____
Lawrence E. Kahn
U.S. District Judge